OPINION
Todd A. Weaver is appealing from his conviction of DUI following his plea of no contest after his motion to suppress evidence was overruled. Weaver's sole argument on appeal is that the state troopers who calibrated the Breathalyzer upon which Weaver was tested, specifically Gregory M. Crisp and John Oliver, Jr., were not senior operators at the time because of their state certificate issue dates, respectively, of March 8, 1999 and March 4, 1999.
The court, in its decision and entry, states:
 In his argument, Defendant asks this Court to find that Troopers Crisp and Oliver are not senior operators, insofar as the aforementioned permits indicate an issue date of March 8th and March 4th, 1999. However, this Court finds that Lt. Moser in his Affidavit describes those troopers as "senior operators" and that this description is consistent with said permits of which the date has more significance with respect to the date of expiration rather than the date of qualification. Accordingly, Defendant's argument is not well taken.
Decision and Entry, Nov. 25, 1999, Doc. 44.
During the hearing on Weaver's motion to suppress, the prosecuting attorney explained the odd system used by the Department of Health in dating such certificates as follows:
 Secondly, the certificates that Mr. Potter is referring to were indeed valid on the date certified, on the dates in question. They do show a date of 1999, and that is because the Department of Health allows the senior operators or operators to renew their certificates six months in advance of the date of their expiration. And the Department of Health then uses the date of the expiration of the original certificate as the new date. It certainly isn't the method that I would choose to use. There's a different way that they could word that. However, indeed these troopers did, Trooper Oliver, Trooper Wilkerson and I can't remember the third trooper —
(Unknown voice) Crisp.
Tr. 45.
We do believe that the Department of Health's bizarre dating system can certainly cause confusion, but it is also clear from the record that evidence was provided of the senior operator's status of the troopers in question, and the decision of the trial court admitting the evidence was certainly not an abuse of its discretion. We find that the State more than substantially complied with the Department of Health regulations governing breath analysis. Indeed, we find that the State fully complied with such regulations.
The assignment of error is overruled, and the judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Michael F. Sheils
Wilfred L. Potter
Hon. Richard P. Carey